

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 8, 2016

The Honorable Angie Chen Button
Chair, Committee on Economic and
    Small Business Development
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0106

Re: Whether and to what extent limitations exist on the Texas Facilities Commission's ability to renew leases for space under section 2167.055 of the Government Code (RQ-0095-KP)

Dear Representative Button:

You ask whether and to what extent limitations exist on the Texas Facilities Commission's ability to renew leases for space under section 2167.055 of the Government Code.[1] You state that the Legislature is exploring ways to lower operating costs for office space for state agencies outside of Austin and the Capitol Complex. Request Letter at 1. You ask specifically about obtaining agency office space through long-term office projects with private developers. *Id.* You note that under section 2167.055 of the Government Code, the Texas Facilities Commission (the "Commission") may enter into leases for up to ten years with renewal options. *Id.* You ask whether there is "any limitation on how early the option can be executed and if multiple options may be executed concurrently." *Id.*

The Commission is a state agency authorized to lease space from non-state entities for tenant agencies. TEX. GOV'T CODE §§ 2167.0011, .002, .007, .052, .055. The Commission may do so only if "(1) state-owned space is not otherwise available to the agency; and (2) the agency has verified it has money available to pay for the lease." *Id.* § 2167.002(a). In a lease contract under section 2167.055, the State, acting through the Commission, is the lessee, and the Commission's obligation to accept leased space is binding on the Commission upon execution of the lease contract. *Id.* § 2167.055(a), (f). Such a lease contract may "(1) provide for an original term that does not exceed 10 years; and (2) include options to renew for as many terms that do not

---

[1]*See* Letter from Honorable Angie Chen Button, Chair, House Comm. on Econ. & Small Bus. Admin., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 6, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

exceed 10 years each as the commission considers to be in the state's best interest." *Id.* § 2167.055(c).[2]

As the Texas Supreme Court has observed, "[t]he State has the right to contract, unless restricted or limited by the Constitution. The subjects of contract, the length of term for which a contract may be made, and the general policy relating to contracts, are clearly within the power of the Legislature." *Tex. Nat'l Guard Armory Bd. v. McCraw,* 126 S.W.2d 627, 637 (Tex. 1939). We consider first your question of whether there are any limitations on how early a renewal option may be exercised under section 2167.055. Request Letter at 1.

A lessee's right to exercise an option to renew the lease is generally governed by the option's provisions and, therefore, the existence of any limitations will depend in part on the terms of the renewal option. *See Zeidman v. Davis,* 342 S.W.2d 555, 558 (Tex. 1961); *see also Mohammed v. D. 1050 W. Rankin, Inc.,* 464 S.W.3d 737, 745 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("A party to an option contract may enforce that option by strict compliance with the terms of the option."). Typically, a lease agreement will require the lessee to take steps to exercise a renewal option in advance of the date the primary term expires. *See, e.g., Zeidman,* 342 S.W.2d at 556–58 (requiring notice six months in advance of the end of the primary term).[3] Section 2167.055 authorizes a primary term that does not exceed ten years and renewal terms that do not exceed ten years, but it does not address when the Commission may exercise a lease option. TEX. GOV'T CODE § 2167.055. We are not aware of any statutory or common-law limitation on how early an option may be exercised if authorized by a lease option's provisions.[4]

Your second question is whether multiple renewal options may be exercised concurrently. Request Letter at 1. Subsection 2167.055(c) expressly authorizes multiple renewal options but does not address whether the Commission may at one time exercise two or more renewal options. TEX. GOV'T CODE § 2167.055(c). We are not aware of any statutory or common-law principle that would generally preclude exercising the options at the same time, if the lease provisions so allow. But subsection 2167.055(c) specifically states that each renewal option may not exceed ten years. *See id.* A lease provision that, for example, allows the Commission to simultaneously exercise two ten-year options is essentially a twenty-year option that is not permitted by

---

[2]Parties to a lease that does not contain a renewal option may renew the lease "under terms to which all parties to the contract agree." TEX. GOV'T CODE § 2167.055(d).

[3]*See also* Brief from Harvey Hilderbran, Exec. Dir., Tex. Facilities Comm'n, to Virginia K. Hoelscher, Chair, Op. Comm., Office of the Att'y Gen. at 2–3 n.4 (Feb. 17, 2016) ("TFC Brief") (stating that the Commission's standard lease contains a provision requiring the lessee to give "written notice of intention to exercise [an] option at least 180 days prior to expiration of the lease").

[4]We assume your question contemplates a lease option agreement in which the primary term and the renewal term remain distinct. We do not suggest that section 2167.055 allows the parties to simply convert their lease to a primary term exceeding ten years.

subsection (c).  Thus, a court would likely conclude that options may be exercised concurrently only if their terms in the aggregate do not exceed ten years.[5]

---

[5]Structuring a long-term lease requires consideration of constitutional provisions that limit the State's authority to incur contractual obligations, such as the provisions prohibiting the creation of state debt and limiting appropriations to no more than two years. *See* TEX. CONST. art. III, § 49 (prohibiting the creation of state debt), art. VIII, § 6 (prohibiting appropriations beyond two years); *see generally Tex. Nat'l Guard Armory Bd.*, 126 S.W.2d at 637 (noting that the duration of a state contract may raise potential constitutional issues but stating that "[o]bligations that run current with revenues are not debts within the contemplation of the Constitution").  The Commission must ensure that the State's leases conform to these constitutional limitations whether the lease is in the primary term or a renewal term. *See* TEX. GOV'T CODE § 2167.055(e) (requiring any lease be made "contingent on the availability of money appropriated by the legislature to pay for the lease"); TFC Brief at 2–3 n.4 (explaining that the Commission's standard lease provisions specifically state that the lease is "subject to the provisions of the Texas Constitution," make the lease "contingent upon the continuation of the availability of money appropriated by the legislature," and grant the Commission the right to assign, sublet, or terminate the lease as required in certain circumstances).

## S U M M A R Y

Section 2167.055(e) of the Government Code does not limit how early the Texas Facilities Commission may exercise a lease renewal option nor does it address whether the Commission may exercise multiple renewal options at the same time. A court would likely conclude that the Commission may concurrently exercise more than one renewal option in a lease provided that the terms of the options in the aggregate do not exceed ten years.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee